UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21426-CIV-Lenard/Garber

WILFRED HART,

    Petitioner,

v.

UNITED STATES PAROLE
COMMISSION,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Joan A. Lenard. Pursuant to such reference, the Court has received the petitioner Hart's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 by a Person in Federal Custody [DE 1]. The respondent has filed its response to the Petition [DE 25].

### Statement of Facts and Discussion

Petitioner had been seeking relief from the respondent United States Parole Commission. However, on September 9, 2008, the Parole Commission issued its Notice of Action thereby releasing petitioner from custody, terminating the revocation process, and reinstating the petition to a supervision status. Thus, any relief sought from the Parole Commission as set forth in the petition is now moot and will not be considered by the Court.

Petitioner is still seeking relief on his claim that since his imposed sentence has expired, his supervision should be terminated. Such argument is unavailing.

The petitioner, on November 10, 1988, was sentenced to a term of 30 years confinement, followed by a 10 year special parole term by the United States District Court in Maine. He was released on parole in 1996 in the Southern District of Florida. On July 9, 1998, the Parole Commission issued a warrant for the petitioner's arrest for violations of the conditions of his parole by the use of illegal drugs. His parole was then revoked.

Thereafter Hart was released into the community on January 13, 1999, was later reprimanded for driving under the influence of alcohol. On May 6, 2004, the petitioner's regular parole term was terminated and his special parole term imposed at the time of his original sentencing became effective, set to expire on May 6, 2014.

Subsequently, because of claimed additional offenses, and at the request of his probation officer, the Parole Commission issued a warrant for violations consisting of specified criminal and administrative violations of his special parole. Following a preliminary interview, the interviewing officer found probable cause for all of the charges then pending against Hart. Subsequently, and on September 9, 2008, the petitioner was released from custody and reinstated to supervision pursuant to his original sentence. The petitioner, in his Petition now before the Court, insists that since his sentence has expired, he should be terminated from further supervision.

As previously mentioned, the special parole term imposed on the defendant at the time of his sentencing was to commence upon the completion of his service of the prison time imposed. He was granted parole initially on July 30, 1996, from his 30 year prison sentence. Subsequently, on July 9, 1998, a warrant for petitioner's arrest was filed by the Parole Commission charging that he violated conditions of his parole by use of illegal drugs. His parole was revoked.

Hart was again released into the community on January 13, 1999, on parole. Once again, on May 6, 2004, the Parole Commission terminated Hart's regular parole term and then commenced his special parole term as directed by the sentencing District Court. His special parole term commenced on May 5, 2004, and is to terminate on May 6, 2014.

Subsequently, the Parole Commission, because of criminal charges lodged against Hart, issued a violation warrant for criminal and administrative violations of his special parole term. Following a preliminary interview, the interviewing officer found probable cause for all of the charges that had been lodged against Hart.

Notwithstanding such finding, the Parole Commission, on September 9, 2008, ordered the petitioner released from custody, thus terminating the revocation process and reinstated his period of supervised parole.

The defendant, in his submissions to the Court, relies on the authority of *Manso v. Federal Detention Center, Miami, et al*., 182 F.3d 814 (11th Cir. 1999). However, the cause *sub judice* is readily distinguishable from *Manso*. Manso had been sentenced to imprisonment for one year, followed by a special parole term of five years. Following a violation of the terms of his release, the Parole Commission revoked his special parole and sent him back to prison. Upon release again on special parole, Manso's special parole was revoked a second time. He ultimately escaped from custody, was captured, and served out the remainder of his special parole in prison.

Manso sought relief through a *habeas corpus* application, claiming that the special parole statute, 21 U.S.C. §841(c), does not authorize the Parole Commission to impose a new term of special parole once the original term had been revoked. The Eleventh Circuit, under the specific facts of the *Manso* case, agreed with Manso's argument, holding that the Parole Commission exceeded its

authority in assigning an additional term of special parole when the original term of special parole had been revoked.

Here, the special parole term imposed by the sentencing court had not been revoked. The Parole Commission, by its Notice of Action, did "[T]erminate revocation process and reinstate to supervision."[1] Thus, Hart was placed back into his special parole as ordered by the sentencing court. The Eleventh Circuit, in its *Manso* ruling, stated *inter alia* that:

> In *Tatum*, we held that, while §3583(e) (formerly governing supervised release) authorized the district court to "revoke" supervised release and require the offender to serve time in prison, nothing in the statute authorized the court to impose an additional term of supervised release. . . .

*Manso* further tells us that:

> Section 3583(e)(3) authorizes the district court to "revoke" a term of supervised release. "Revoke" generally means to cancel or rescind. Once a term of supervised release has been revoked under § 3583(e), there is nothing left to extend, modify, reduce or enlarge under § 3583(e)(2). The term of release no longer exists.

The petitioner's special parole term has not been revoked. Petitioner's special parole term began following his termination from his regular parole term from which he was released by the Parole Commission on September 9, 2008. On or about such date, his special parole term commenced. Such special parole term is within the jurisdiction of the Parole Commission. Further, Petitioner has failed to show to this Court any legal basis for the remedies that he seeks. Further, he is not entitled to a credit for any time against his term of special parole.

## **CONCLUSION AND RECOMMENDATION**

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

---

[1] Exhibit A to the Status Report [DE 38].

_____RECOMMENDS that the petitioner Wilfred Hart, II's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [DE 1] and Supplement [DE 13] be DENIED in its entirety.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Joan A. Lenard. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 15th day of September, 2009.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE