**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-21426-CIV-LENARD/GARBER

**WILFRED HART,**

       Petitioner,

vs.

**UNITED STATES PAROLE COMMISSION,**

       Respondent.
_____/

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 45) AND DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (D.E. 1)**</u>

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Barry L. Garber ("Report," D.E. 45), issued on September 15, 2009. In his Report, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus Pursuant to § 2241 ("Petition," D.E. 1) be denied in its entirety. Petitioner filed Objections ("Objections," D.E. 46) to the Magistrate Judge's Report on September 28, 2009. Having reviewed the Report, the Objections and the record, the Court finds as follows.

    **I.**    **Background**

Petitioner Wilfred Hart ("Hart") commenced this action seeking relief from Respondent United States Parole Commission ("Parole Commission"), specifically, the full expiration of his sentence or, in the alternative, an immediate release back into supervision status.

On November 10, 1988, subsequent to his conviction for numerous narcotics-related charges in the United States District Court of Maine, Hart received a thirty-year prison sentence, to be followed by a ten-year term of special parole. On May 6, 2004, the Parole Commission terminated Hart's regular parole, stemming from his thirty-year sentence, early, and initiated his ten-year special parole term. The special parole term is set to expire on May 5, 2014.

Hart was arrested on January 23, 2008, for alleged criminal and administrative violations of his special parole. The Parole Commission promptly began proceedings to determine whether Hart's special parole should be revoked. However, the Parole Commission never made a final decision concerning the revocation of Hart's special parole. On September 9, 2008, the Parole Commission issued a Notice of Action, thereby releasing Hart from custody, terminating the revocation process and reinstating Hart to supervision status. To date, Hart remains free on supervised release pursuant to his special parole. Hart claims that his special parole term is invalid or, in the alternative, expired, and requests that his supervision be terminated.

## II.   Report and Objections

In the Report, the Magistrate Judge recommends that the Court deny Hart's Petition for Writ of Habeas Corpus in its entirety. (*See* Report at 4-5.). The Report finds that because Hart has been released from custody and his special parole reinstated, his petition for relief is moot. (*Id.* at 1.) Furthermore, the Report finds unavailing Hart's argument that his special parole should be terminated.

In his Objections, Hart argues that his ten-year special parole term began in April 2001, upon the completion of his initial fifteen-year sentence for non-conspiracy offenses, and ran concurrently with his remaining term of regular parole, stemming from his conspiracy offenses. Hart contends that when the Parole Commission terminated his supervision in May 2004, this action had the effect of terminating both special and regular parole. Thus, Hart argues the Parole Commission's May 6, 2004 initiation of the special parole term was an unlawful imposition of a new ten-year term of special parole.

### III.    Discussion

In the Eleventh Circuit, a term of special parole may not be added to the sentence following conviction of conspiracy to commit federal drug offenses under 21 U.S.C. § 846. *United States v. Jordan*, 915 F.2d 622, 630 (11th Cir. 1990), *citing Bifulco v. United States*, 447 U.S. 381, 388 (1980).

However, several courts have construed the special parole statute, 21 U.S.C. § 841(c), to require that the special parole term "be served in addition to, and not concurrently with, any other parole terms." *United States Parole Comm'n v. Viveros*, 874 F.2d 699, 701 (9th Cir. 1989); *Mastrangelo v. United States Parole Comm'n*, 682 F.2d 402, 404-05 (2d Cir. 1982); *United States v. Qualls*, 1997 WL 337534 at *2 (10th Cir. June 19, 1997) ("A special term of parole can only be served after completion of incarceration and any term of regular parole."). In *Mastrangelo*, the Second Circuit explained that the special parole term cannot have been intended to run concurrently with regular parole because it is unknown at the time of sentencing whether the prisoner will be paroled or spend his entire sentence incarcerated.

682 F. 2d at 405.  Furthermore, the special parole term is "not part of an original sentence of imprisonment" and is designed to create an "incentive for the parolee to lead a lawful life in the community for an extended period of time, hopefully creating habits conducive to continuing lawful ways after expiration of the term."  *Id.* at 404-05 (internal quotations omitted).  While the Eleventh Circuit has not decided this precise issue, the Court finds persuasive the decisions of the Second, Ninth and Tenth Circuits.  Thus, even though Hart's sentence for conspiracy to commit federal drug offenses under 21 U.S.C. § 846 could not carry with it a term of special parole, the sentence requires all terms of regular parole to be completed or terminated prior to the commencement of the special parole term.

Here, the Parole Commission properly exercised its discretion on May 6, 2004, to terminate Hart's remaining term of regular parole and subsequently commence his ten-year term of special parole.  No evidence exists in the record to support Hart's contentions that his special parole term commenced or should have commenced in April 2001. Consequently, Hart's objections fail.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report and Recommendation of Magistrate Judge Barry L. Garber (D.E. 45), issued on September 15, 2009, is **ADOPTED**;

**2.** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D.E. 1), filed on May 16, 2008, is **DENIED;**

3. This case is **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of December, 2009.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**